UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL DUBROC, ET AL                                CIVIL ACTION

VERSUS                                               NO. 08-768-RET-DLD

BRAND ENERGY SOLUTIONS, LLC,
ET AL

## MAGISTRATE JUDGE'S REPORT

This matter is before the court on plaintiffs' motion to remand (rec. doc. 3). The motion is opposed (rec. doc. 7). This matter was removed on the basis of diversity jurisdiction, 28 U.S.C. §1332. The issue before the court is whether non-diverse defendant Ernie Guitreau was improperly joined to destroy diversity jurisdiction.

**Background**

On or about July 26, 2007, plaintiff Michael Dubroc, an employee of Turner,[1] was working on the premises of defendant Marathon Petroleum Company LLC and/or Marathon Oil Company (Marathon), located in Garyville, Louisiana, when he slipped an fell on a slippery substance on the scaffolding erected and maintained by Brand Energy Solutions, LLC, and/or Brand Energy Services, LLC and/or Brand Scaffolding Erectors, Inc. and/or Brand Services, Inc. (Brand). As a result of the accident, on July 25, 2008, plaintiff and his wife brought suit against defendants[2] in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana (rec. doc. 1-3).

---

[1] Plaintiffs' petition indicates that Michael Dubroc was an employee of "Turner" at the time of the accident, but plaintiffs do not name Turner or identify the specific Turner entity at issue in this case (rec. doc. 1-3, ¶7).

[2] Brand Energy Solutions, LLC, Brand Energy Services, LLC, Brand Scaffolding Erectors, Inc., Brand Services, Inc., Marathon Petroleum Company, LLC, Marathon Oil Company, John Doe, Ernie Guitreau, Jim Doe, ABC Insurance Company, DEF Insurance Company, and Pacific Employers Insurance Company

Plaintiffs allege the following with respect to Ernie Guitreau:

7.

At the time of the accident sued on, defendant, ERNIE GUITREAU, was acting in the course and scope of his employment as project supervisor and/or superintendent charged with issuing permits and overseeing safety, with defendant, TURNER, which defendant is vicariously liable under the doctrine of respondeat superior for the intentional act of its employees, ERNIE GUITREAU.

\* \* \*

9.

At the time of the accident sued on, defendants, JOHN DOE, ERNIE GUITREAU, and JIM DOE, were exclusively responsible for the evaluation, planning, and implementation of safety procedures and the provision of appropriate safety devices in and around the above mentioned work site. Despite this responsibility, defendants failed and refused to provide appropriate safety measures for the prevention of injuries of the kind suffered by plaintiff.

(rec. doc. 1-3).

Plaintiff Michael Dubroc suffered injuries, including but not limited to, injury to his shoulder, which required surgical intervention, various abrasions and contusions, and muscle strain and sprains. Plaintiffs seek damages for loss of consortium, loss wages, past and future medical expenses, and impairment of earning capacity. Id.

Defendant Marathon removed this matter based on diversity jurisdiction alleging that non-diverse defendant Guitreau was improperly joined; therefore, his citizenship should be disregarded for purposes of determining diversity of citizenship. Plaintiffs filed a motion to remand, which is now before the court for a report and recommendation.

**Argument of the Parties**

Plaintiffs argue that this court does not have subject matter jurisdiction over this case because diversity of citizenship does not exist ( rec. doc. 3-2). Plaintiffs allege that their claim against non–diverse defendant Guitreau destroys diversity jurisdiction. Plaintiffs argue that as a project supervisor for Turner, Guitreau owed a personal duty of care to plaintiff to evaluate, plan, and implement safety procedures and devices that may have prevented plaintiff's injury. As a result of this personal duty, plaintiffs argue that Guitreau can be held personally liable for his actions or inactions and was not improperly joined to destroy diversity.

Defendants respond by arguing that plaintiffs have no reasonable possibility of recovery against Guitreau; therefore, his citizenship should be disregarded for purposes of determining diversity of citizenship. First, defendants argue that plaintiffs have not alleged and cannot prove that Guitreau acted with an intent to harm plaintiff, which is required to bring a claim against an employee under Louisiana law. Second, defendants argue that plaintiffs are unable to establish that Guitreau breached a personal duty owed to plaintiffs, which would made him personally liable to plaintiffs.

**Law and Discussion**

The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007); *Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Remand is proper if at any time the court lacks subject matter jurisdiction. See 28 U.S.C. §1447(c). The party seeking

removal has the burden of proving either diversity or federal question jurisdiction. *Garcia v. Koch Oil Co. of Texas, Inc.,* 357 F.3d 636 (5th Cir. 2003), *citing Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998), and *Gutierrez v. Flores,* 543 F.3d 248 (5th Cir. 2008). The party seeking to establish diversity jurisdiction must prove the existence of diversity of citizenship and amount in controversy.

Diversity of Citizenship

The removing defendant bears the burden of demonstrating improper joinder. E.g., *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). Improper joinder of a non-diverse party can be proven by showing "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005), *citing Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc). When determining improper joinder, the court may look to the facts established by summary judgment evidence as well as controlling state law. *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990). Fraud in the pleadings is not an issue in this case.[3] Rather, defendants seek to prove improper joinder by proving that plaintiff has no

---

[3] There is no allegation that there is fraud in the pleading of jurisdictional facts. After three attempts to identify the citizenship of the parties, defendants finally properly alleged the citizenship of the parties as follows: plaintiffs, **Michael and Cindy Dubroc**, are citizens of Louisiana; **Brand Energy Solutions, LLC** has one member, Brand Scaffold Services, LLC, which has one member, Brand Services, LLC, which has one member, Brand Energy & Infrastructure Services, Inc., which is incorporated in Delaware and has its principal place of business in Georgia; **Brand Energy Services, LLC** has one member, Brand Scaffold Services, LLC, which has one member, Brand Services, LLC, which has one member Brand Energy & Infrastructure Services, Inc., which is incorporated in Delaware and has its principal place of business in Georgia; **Brand Scaffold Erectors, Inc.** is incorporated in Delaware and has its principal place of business in Georgia, **Brand Services, Inc**. is incorporated in Delaware and has its principal place of business in Georgia; **Marathon Petroleum Company, LLC** has two members, Marathon Oil Company, which is incorporated in Ohio and has its principal place of business in Texas, and Marathon Domestic LLC, which has one member Marathon Petroleum Holdings, LLC, which has one member, Marathon Oil Downstream, Ltd., which is incorporated in Delaware and has its principal place of business in Texas; **Marathon Oil Company** is incorporated in Ohio and has its principal place of business in Texas; **Pacific Employers Ins. Co.** is incorporated in Pennsylvania and has its principal place of business in Pennsylvania; **Ernie Guitreau** is a citizen of Louisiana. Thus, the presence of Guitreau as a non-diverse defendant destroys diversity of citizenship.

possibility of recovery against Guitreau because his actions and/or inactions were not intentional and he did not owe a personal duty to plaintiff.

Under Louisiana law, the Workers' Compensation Act provides an employee's exclusive remedy against his employer or co-employee for personal injuries sustained during the course and scope of employment, unless the employee can prove that the liability stems from an intentional act of the employer or co-employee.  See  La. R.S. 23:1032.  An act is considered "intentional" under La. R.S. 23:1032(B) when the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result.  *White v. Monsanto Co.*, 585 So.2d 1205, 1208 (La. 1991).  Further, the term "substantially certain" has been interpreted to mean "nearly inevitable," "virtually sure," and "incapable of failing."  *Vidrine v. Constructors, Inc.*, 953 So. 2d 193 (La. App. 3rd Cir. 2007).       In paragraph 7 of plaintiffs' petition, he alleges that Guitreau was charged with issuing permits and overseeing safety; therefore, Turner is vicariously liable for the intentional acts of Guitreau (rec. doc. 1-3).  Plaintiffs, however, fail to define Guitreau's intentional acts.  In paragraph 9, plaintiffs allege that Guitreau failed and refused to provide appropriate safety measures for the prevention of injuries of the kind suffered by plaintiff, but they do not allege intentional acts.  Plaintiffs have done nothing more than simply allege that Guitreau committed intentional acts.  Plaintiffs do not allege that Guitreau knew of the slippery condition and consciously desired plaintiff to suffer injuries or knew that his failure to provide safety measures was substantially likely to result in plaintiff's injuries.  In fact, Guitreau submitted an affidavit wherein he states that he was not aware of a slippery condition on the scaffolding, that he did not intend for plaintiff Dubroc to suffer injury, and

that he never failed or refused to provide appropriate safety measures to any employee on the job (rec. doc. 7-2).  Moreover, Louisiana courts have almost universally held that employers are not liable under the intentional act exception for violations of safety standards or failing to provide safety equipment. See  *Reeves v. Structural Preservation Systems*, 731 So.2d 208 (La. 1999)(citations omitted).  Thus, plaintiffs' mere assertions of an intentional act are insufficient to establish intent and a claim against Guitreau outside of the Workers' Compensation regime.

Defendants also argue that Guitreau did not owe a personal duty to plaintiffs; therefore, plaintiffs cannot recover against Guitreau under *Canter v. Koehring*, 283 So.2d 716 (La. 1973).  The Fifth Circuit, in *Ford v. Elsbury*, 32 F.3d 931 (5th Cir. 1994), embraced the guidelines as set forth by the Louisiana Supreme Court in *Canter v. Koehring Co.*, 283 So.2d 716 (La.1973), in determining whether personal liability may be imposed on an employee:

1. The employer must owe a duty of care to the third person, the breach of which has caused the damage for which recovery is sought;
2. This duty is delegated by the employer to the employee;
3. The employee has breached this duty through personal fault (as contrasted with technical or vicarious fault); and
4. With regard to personal fault, personal liability cannot be imposed upon an employee simply because of this general administrative responsibility for performance of some function of employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages.  If the defendant's general responsibility has been delegated with due care to some responsible subordinate, he is not personally at fault and liable for the performance of this responsibility, unless he personally knows or personally should know of its non- performance or mal- performance and has nevertheless failed to cure the risk of harm.

The burden is on the defendants to show that there is not any reasonable possibility of recovery against Guitreau, and that burden has been met.  Plaintiffs' allege that Guitreau and others were responsible for the evaluation, planning, and implementation of safety procedures and the provision of safety devices in and around the work site.  Guitreau's

-6-

affidavit states that as job superintendent he had general administrative duties to oversee the work performed at the refinery(rec. doc. 7-2). The affidavit also states that Guitreau never failed to provide appropriate safety measures to any employee on the job. Id. Thus, it is unclear whether Guitreau's job responsibilities included general administrative duties, where specific duties regarding safety were delegated to other employees, or whether Guitreau was responsible for safety measures at the refinery.

If Guitreau was in charge of safety, liability can only be imposed based on personal fault rather than a violation of a general administrative responsibility for performance of some function. As a general rule, allegations of a failure to maintain premises and to warn of a vice and/or defect in same have been repeatedly held to be insufficient to impose personal liability on managers under the *Canter* factors. See *Cook v. Shoneys, Inc.*, 1999 WL 1000506 (E.D. La. 1999); Hornsby v. AlliedSignal, Inc., 961 F.Supp. 923 (M.D. La. 1997). Moreover, Guitreau stated in his affidavit that appropriate safety measures were provided, and plaintiff admitted on the incident investigation report that a safety work permit was posted, that he read the permit, and that all provisions of the permit were followed (rec. doc. 7-4).

If Guitreau delegated the responsibility of safety to another employee, Guitreau cannot be held liable "unless he personally knows or personally should have known of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm." *Creppel v. Apache Corporation*, 2004 WL 1920932 (E.D. La. 2004), citing *Canter*, 283 So.2d at 721. Guitreau stated in his affidavit that he did not direct the work of plaintiff (rec. doc. 7-2). Additionally, the injury report offered by defendants indicates that Guitreau was not plaintiff's immediate supervisor nor the job foreman, and that plaintiff was supervised by Clyde Albright (rec. doc. 7-3). Plaintiff admitted on the incident investigation report that

Clyde Albright gave him directions for the assigned work (rec. doc. 7-4).  Plaintiffs offer no evidence that Guitreau knew or should have known of the slippery condition.  In fact, the evidence submitted by defendants indicates the opposite.  Guitreau states in his affidavit that he was not aware of a slippery condition on the scaffolds, that he did not intend to cause injury to plaintiff, and that he never failed or refused to provide appropriate safety measures to any employee on this job (rec. doc. 7-2).  Thus, defendants have produced uncontradicted evidence indicating that Guitreau did not know of the risk or the alleged non-performance; therefore, Guitreau cannot be held personally liable under the *Canter* factors.

Considering the facts in evidence, in the light most favorable to the plaintiff, defendants have proven that there is no possibility of recovery against Guitreau. Therefore, the court finds that Guitreau has been improperly joined, and that his citizenship may be ignored in order to establish diversity jurisdiction under 28 U.S.C. §1332.

<u>Amount in Controversy</u>

Neither party challenges that the amount in controversy is met in this matter.  The court notes that the injury to plaintiff's shoulder required surgical intervention, which can be very costly.  As a result of his injuries, plaintiff alleges that he has continued to experience physical and mental suffering and has required extensive medical care. In addition to damages for physical injuries, plaintiff also seeks damages for loss wages, past and future medical expenses, and impairment of earning capacity.  Thus, the court finds that the amount in controversy is met in this matter.

**Conclusion**

Defendants have carried their burden of proving that plaintiffs have no possibility of recovery against Guitreau and that he was improperly joined in this matter.   Because

defendants have established that both diversity of citizenship and amount in controversy exist, this court has subject-matter jurisdiction over this matter. Accordingly,

IT IS RECOMMENDED that plaintiffs' motion to remand (rec. doc. 3) be **DENIED**.

Signed in Baton Rouge, Louisiana, on    June 1, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MICHAEL DUBROC, ET AL**              CIVIL ACTION

**VERSUS**                             NO. 08-768-RET-DLD

**BRAND ENERGY SOLUTIONS, LLC,**
**ET AL**

### **NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.
    **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

    Signed in Baton Rouge, Louisiana, on June 1, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**